```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

KATHRYN SISSON, ET AL.                    CIVIL ACTION

VERSUS                                    NO: 07-1552

AMERICAN FAMILY HOME                      SECTION: "A" (3)
INSURANCE CO., ET AL.

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Kathryn Sisson and Daniel Sisson, and a **Motion to Sever (Rec. Doc. 11)** filed by defendant American Family Home Insurance Co. Both motions are opposed. The motions, set for hearing on June 27, 2007, are before the Court on the briefs without oral argument. For the reasons that follow the motion to sever is DENIED AS MOOT and the motion to remand is GRANTED.

## I.   BACKGROUND

Plaintiffs, citizens of Louisiana, initiated this suit in state court against American Family Home Insurance Co. ("American Family"), United Services Automobile Association ("USAA"), and Financial Insurance Consultants, L.L.C. ("FIC"). American Family is a citizen of Florida and Ohio. USAA and FIC are Louisiana citizens.[1] Plaintiffs own two separate New Orleans properties, one on St. Anthony Street and one on Frenchman Street, and both

---

[1] USAA is an unincorporated association which takes on the citizenship of each of its members.

sustained damage during Hurricane Katrina. Defendant American Family issued a homeowner's policy for the St. Anthony property with a dwelling limit of $159,000. (Pet. ¶ IV). Defendant USAA issued a homeowner's policy for the Frenchman Street property with a dwelling limit of $161,000, a personal property limit of $120,750, and a loss of use limit of $32,000 for up to 12 months. (Pet. ¶ VI). Plaintiffs contend that a significant portion of the damage to the properties was caused by wind and rain in addition to the significant damage caused by flood. (Id. ¶¶ X, XI). Plaintiffs contend that both American Family and USAA valued Plaintiffs' losses at significantly less than the value of the damage to their properties. (Id. ¶ XVII). Plaintiffs seek their policy limits as well as penalties and attorney's fees against both insurers. Moreover, Plaintiffs contend that the water damage they sustained is a covered loss under their homeowner's policies because the rising water was caused by the third-party fault of the Army Corps of Engineers. (Pet. ¶ XLII). Plaintiffs are suing FIC, an insurance agent, but the petition does not advise whether FIC sold Plaintiffs both of the policies at issue.

American Family removed the suit to this Court alleging removal on the basis of diversity jurisdiction. American Family contends that Plaintiffs misjoined USAA because there is no connection between the claims asserted against USAA and American

2

Family other than the allegation that Plaintiffs owned both of the properties at issue in the case.  American Family alleges that Plaintiffs improperly joined FIC because under the facts alleged Plaintiffs do not state a claim against FIC under Louisiana law.

Plaintiffs move to remand the case to state court arguing that they do state a claim against FIC.  Plaintiffs also contend that the concept of fraudulent misjoinder found in Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), has not been affirmatively adopted in this circuit and has been specifically rejected by this Court.  Plaintiffs argue that even if Tapscott applies in this circuit, there is a connection between the claims against American Family and USAA because Plaintiffs own both of the properties at issue and Katrina damaged both pieces of property.

## II. DISCUSSION

American Family argues that Plaintiffs have misjoined USAA under the principles announced in Tapscott, supra.  In Tapscott the Eleventh Circuit recognized that misjoinder of an in state defendant with no real connection to the controversy at issue can be just as improper as joining a defendant against whom the plaintiff has no cause of action.  77 F.3d at 1360 (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).  The court

3

rejected the notion that every misjoinder constitutes a fraudulent (improper) joinder but went on to conclude that an "egregious" misjoinder like the one in that case would be fraudulent. Id. In Tapscott unrelated plaintiffs had brought claims against unrelated defendants making that misjoinder particularly noteworthy.

The Tapscott principles likely apply in this circuit too where an egregious misjoinder occurs. See In re Benjamin Moore & Co., 318 F.3d 626 (5th Cir. 2002); In re Benjamin Moore & Co., 309 F.3d 296 (5th Cir. 2002). Contrary to Plaintiffs' assertion this Court has never rejected the argument that the Tapscott misjoinder principles could apply in this circuit. Rather, this Court has simply rejected the application of Tapscott in cases where the facts did not support a finding of egregious misjoinder. See, e.g., Radlauer v. Great N. Ins. Co., No. 06-1737, 2006 WL 1560791 (E.D. La. May 16, 2006).

Plaintiffs originally filed this suit in state court. Louisiana Civil Code article 463(1) provides that two or more parties may be joined in the same suit if *inter alia* there is a community of interest between the parties joined. La. Code Civ. Proc. Ann. art. 463(1) (West 1999). Federal Rule of Civil Procedure 20 provides that all persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising

4

out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a).

In the instant case Plaintiffs' claims against American Family and USAA are misjoined under both state and federal rules of joinder.  American Family and USAA are two unrelated insurers who issued unrelated and distinct policies on two separate properties.  As such there is no community of interest between American Family and USAA and none of the relief sought applies to these defendants jointly, severally, or in the alternative.  The fact that Katrina and its aftermath damaged both properties does not create a relationship between the two claims.  The sole connection between the claims against American Family and USAA is that both properties were owned by Plaintiffs.

Of course, mere misjoinder of claims does not necessarily imply improper joinder of claims unless the misjoinder is particularly egregious.  This case does not involve wholly unrelated plaintiffs but instead only involves wholly unrelated defendants so the misjoinder in this case is not as egregious as the one in <u>Tapscott</u>.  The question of how to evaluate the egregiousness of a misjoinder when applying <u>Tapscott</u> has yet to be answered in this circuit.  But under the facts presented in this case the Court does not find that the misjoinder is so egregious so

5

as to allow the Court to ignore USAA's citizenship.

In sum, the Court lacks subject matter jurisdiction over this case because the parties are not completely diverse.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Kathryn Sisson and Daniel Sisson is **GRANTED**. This case is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that the **Motion to Sever (Rec. Doc. 11)** filed by defendant American Family Home Insurance Co. is **DENIED AS MOOT**.

July 9, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE