```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

KATHRYN SISSON, ET AL.                    CIVIL ACTION

VERSUS                                    NO: 06-4881,
                                          07-1552, 07-4838

AMERICAN FAMILY HOME                      SECTION: "A" (3)
INSURANCE CO., ET AL.

Re: Civil Action 07-4838

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 30)** filed by plaintiffs Kathryn Sisson and Daniel Sisson.  Defendant American Family Home Insurance Co. opposes the motion.  The motion, set for hearing on October 17, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is DENIED.

## I.   BACKGROUND

Plaintiffs, citizens of Louisiana, initiated this suit in state court against American Family Home Insurance Co. ("American Family"), United Services Automobile Association ("USAA"), and Financial Insurance Consultants, L.L.C. ("FIC").  American Family is a citizen of Florida and Ohio.  USAA and FIC are Louisiana citizens.[1]  Plaintiffs own two separate New Orleans properties, one on St. Anthony Street and one on Frenchman Street, and both

---

[1] USAA is an unincorporated association which takes on the citizenship of each of its members.

sustained damage during Hurricane Katrina.  Defendant American Family issued a homeowner's policy for the St. Anthony property with a dwelling limit of $159,000.  (Pet. ¶ IV).  Defendant USAA issued a homeowner's policy for the Frenchman Street property with a dwelling limit of $161,000, a personal property limit of $120,750, and a loss of use limit of $32,000 for up to 12 months.  (Pet. ¶ VI).  Plaintiffs contend that a significant portion of the damage to the properties was caused by wind and rain in addition to the significant damage caused by flood.  (Id. ¶¶ X, XI).  Plaintiffs contend that both American Family and USAA valued Plaintiffs' losses at significantly less than the value of the damage to their properties.  (Id. ¶ XVII).  Plaintiffs seek their policy limits as well as penalties and attorney's fees against both insurers.  Moreover, Plaintiffs contend that the water damage they sustained is a covered loss under their homeowner's policies because the rising water was caused by the third-party fault of the Army Corps of Engineers.  (Pet. ¶ XLII).  Plaintiffs are suing FIC who they allege to be their insurance agent.

American Family removed the suit to this Court alleging removal on the basis of diversity jurisdiction.  The removed case was assigned Civil Action no. 07-1552 and consolidated with Plaintiffs' flood claims on the same properties (Civil Action no.

2

06-4881). On July 10, 2007, the Court remanded the case because USAA's presence in the lawsuit destroyed complete diversity. The Court did not address the claims against FIC because those arguments became moot. After remand, the state court judge concluded that the claims against American Family and USAA had been improperly joined and granted a severance. American Family then re-removed the claims pertaining to the St. Anthony property. The removed case was assigned Civil Action no. 07-4838 and consolidated with Civil Action no. 06-4881. American family contends that Plaintiffs improperly joined FIC to defeat federal jurisdiction.

Plaintiffs now move to remand the case to state court arguing that they state a viable claim against FIC. Specifically, Plaintiffs allege that FIC breached its fiduciary duty to Plaintiffs to provide and secure appropriate and adequate coverage and to inform Plaintiffs of policy exclusions.

**II.   DISCUSSION**

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for

resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. See id. at 462-63. Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence. Id. at 463 (citing Travis, 326 F.3d at 648-49).

The Louisiana Supreme Court has long-recognized that an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. Karam v. St. Paul Fire & Marine Ins. Co., 281 So. 2d 728, 730 (La. 1973). The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. Id. at 730-31 (citations omitted). To recover for losses resulting from such failure, the plaintiff must prove (1) an undertaking or agreement by the insurance agent to procure insurance, (2) failure of the agent to

4

use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance, and (3) action by the agent warranting the client's assumption that the client was properly insured. Offshore Prod. Contrs., Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229-30 (5th Cir. 1990) (citations omitted); Taylor v. Sider, 765 So. 2d 416, 418 (La. App. 4th Cir. 2000) (citing Opera Boats, Inc. v. Continental Underwriters, Ltd., 618 So. 2d 1084, 1085-86 (La. App. 1st Cir. 1993)).

Plaintiffs have no reasonable possibility of recovery against FIC under the facts alleged. Plaintiffs do not and cannot allege that FIC was negligent in failing to procure the specific coverage that Plaintiffs requested. Instead, Plaintiffs are seeking to recover for the breach of duties that Louisiana law does not impose. This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits. Parker v. Lexington Insurance Co., No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006). Further, in Louisiana an insured is generally responsible for reading his policy and he is presumed to know its provisions. Dobson v. Allstate Ins. Co., No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.) (citing Motors Ins. Co. v. Bud's Boat Rental, 917 F.2d 199, 205 (5th Cir. 1990); Stephens v. Audubon Ins. Co.,

665 So. 2d 683, 686 (La. App. Ct. 1996)).  Finally, the scope of the fiduciary duty owed by an insurer to an insured does not encompass any of the allegations made by Plaintiffs.  See Spiers v. Liberty Mut. Fire Ins., No. 06-4493, 2006 WL 4764430, *3 (E.D. La. Nov. 21, 2006).

In sum, Plaintiffs have no possibility of recovery against FIC.  American Family and Plaintiffs are of diverse citizenship and the amount in controversy is well in excess of $75,000.  The case is now properly in federal court.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 30)** filed by plaintiffs Kathryn Sisson and Daniel Sisson is **DENIED**.

October 29, 2007

                                                          _____
                                                          JAY C. ZAINEY
                                                          UNITED STATES DISTRICT JUDGE